SERVICES PAYMENT AGREEMENT

W I T N E S S E T H:

WHEREAS Steven Nerayoff ("Nerayoff") has been providing services (the "Services") to aid ▮ with a Crowdsale of ▮ Tokens (the "Crowdsale" or "crowdsale"):

WHEREAS ▮ wishes to compensate Nerayoff if the Crowdsale is successful;

WHEREAS ▮ will issue to Nerayoff 1,350,000,000 (one billion three hundred fifty million) ▮ Tokens and Nerayoff will be entitled to 30,000 ETH (which Nerayoff is currently holding such ether or equivalent cryptocurrencies for ▮ as nominee) if the crowdsale raises at least 60,000 ETH including pre-sales and will compensate Nerayoff with an additional 6,000 ETH if the crowdsale raises 120,000 ETH including pre-sales. Nerayoff is also entitled to, and ▮ will issue, 900,000,000 (nine hundred million) STORM tokens no later than the two year anniversary from the end of the token sale.

NOW, THEREFORE, intending to be legally bound, Nerayoff and ▮ agree:

5. 1. This agreement (the "Agreement") is entered into between Nerayoff and ▮ as of November 3, 2017.

6. 2. In the event ▮ raises 120,000 ETH in its crowdsale (including pre-sales), it will pay Nerayoff an additional 6,000 ETH immediately after the crowdsale.  In the event ▮ raises 60,000 ETH in its Crowdsale (including pre-sales), Nerayoff will be entitled to keep the 30,000 ETH or equivalent cryptocurrencies it is holding as nominee for ▮ pursuant to the Nominee Agreement to be entered into connection herewith.

7. 3. Nerayoff is also entitled to 1,350,000,000 (one-billion three-hundred-fifty million) ▮ Tokens upon the close of the Crowdsale if ▮ raises at least 60,000 ETH including pre-sales.  Such amount will be delivered immediately after the crowdsale.

8. 4. Nerayoff is also entitled to, and ▮ will issue 900,000,000 (nine hundred million) STORM Tokens no later than the two year anniversary from the end of the token sale.  The address of such tokens will be provided to Nerayoff immediately upon depositing them into such address.

9. The terms of this Agreement, the nature of the Services, and the compensation of Nerayoff by ▮ for the Services shall not be disclosed by either party to any third party except as by required by law.  The parties agree that any disclosure of information in violation of this Section 5 shall constitute a material breach of the Agreement.

10. The interpretation, validity and enforcement of this Agreement, and all legal actions brought under or in connection with the subject matter of this Agreement, shall be governed by the law of the State of New York (except that any conflicts-of-law principles of such state that would result in the application of the law of another jurisdiction shall be disregarded) and shall be brought only in the United States District Court for the Southern District of New York or, if such court would not have jurisdiction over the matter, then only in a New York State court sitting Nassau County, New York. Each party submits to the exclusive jurisdiction of these courts and agrees not to commence any legal action under or in connection with the subject matter of this Agreement in any other court or forum.

11. This Agreement constitutes the entire agreement between the parties, and replaces and supersedes any and all prior agreements between them. This Agreement may not be amended except in a writing signed by both parties.

12. This Agreement may be executed on separate counterparts, any one of which need not contain signatures of more than one party, but all of which when taken together shall constitute one and the same agreement.

By:  /7/2017

STEVEN NERAYOFF

DOJ-000000011