

AES:MEB/AS
F. #2018R00035

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 10 2020 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

STEVEN NERAYOFF and
MICHAEL HLADY,
    also known as "Michael Peters,"

                   Defendants.

- - - - - - - - - - - - X

INDICTMENT

Cr. CR 20 - 0008

(T. 18, U.S.C., §§ 371, 924(d)(1),
981(a)(1)(C), 1951(a), 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C., §
2461(c))

BRODIE, J.

POLLAK, M.J.

THE GRAND JURY CHARGES:

COUNT ONE
(Hobbs Act Extortion Conspiracy)

1.    In or about and between June 2017 and November 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants STEVEN NERAYOFF and MICHAEL HLADY, also known as "Michael Peters," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others agreed to obtain property, to wit: virtual currency, from John Doe and Jane Doe, individuals whose identities are known to the Grand Jury, with their consent, which consent was to be induced by wrongful use of actual or threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT TWO
(Hobbs Act Extortion)

2. In or about and between October 2017 and November 7, 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEVEN NERAYOFF, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and others obtained property, to wit: virtual currency, from John Doe and Jane Doe with their consent, which consent was to be induced by wrongful use of actual or threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT THREE
(Hobbs Act Extortion)

3. In or about March 2018, within the Eastern District of New York and elsewhere, the defendants STEVEN NERAYOFF and MICHAEL HLADY, also known as "Michael Peters," together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others obtained property, to wit: virtual currency, from John Doe and Jane Doe with their consent, which consent was to be induced by wrongful use of actual or threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT FOUR
(Conspiracy to Transmit Interstate Communications with Intent to Extort)

4. On or about and between March 22, 2018 and March 28, 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants STEVEN NERAYOFF and MICHAEL HLADY, also known as "Michael Peters," together with others, did knowingly and willfully conspire, with intent to extort from John Doe, Jane Doe and Company 1, an entity the identity of which is known to the Grand Jury, money and one or more things of value, to transmit in interstate and foreign commerce one or more communications containing one or more threats to injure the property and reputation of John Doe, Jane Doe and Company 1, contrary to Title 18, United States Code, Section 875(d).

5. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants STEVEN NERAYOFF and MICHAEL HLADY, also known as "Michael Peters," together with others, did commit and cause the commission of, at least one of the following:

### OVERT ACTS

(a) On or about March 22, 2018, NERAYOFF and HLADY walked into a room in Great Neck, New York, where Jane Doe was sleeping and, in sum and substance, threatened to "destroy" both her and Company 1 if Company 1 did not provide NERAYOFF with money and virtual currency.

(b) On or about March 27, 2018, HLADY sent Jane Doe a text message asking Jane Doe whether Company 1 had reached a decision about providing NERAYOFF with virtual currency.

(c) On or about March 27, 2018, HLADY sent Jane Doe a text message in which he stated, in sum and substance, that NERAYOFF needed an answer from Company 1 that night.

(d) On or about March 27, 2018, HLADY sent Jane Doe a text message in which he, in sum and substance, requested a "loan" for virtual currency on behalf of NERAYOFF.

(e) On or about March 28, 2018, HLADY sent Jane Doe a text message in which he, in sum and substance, threatened to "destroy" Company 1 if Company 1 did not agree to his demands.

(f) On or about March 28, 2018, HLADY sent Jane Doe a text message in which he, in sum and substance, stated that HLADY did not "like being tough."

(Title 18, United States Code, Sections 371 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATIONS AS TO COUNTS ONE THROUGH THREE

6. The United States hereby gives notice to the defendants charged in Counts One through Three that, upon their conviction of such offenses, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any other criminal law of the United States.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT FOUR

8. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Four, the United States will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

*Richard P. Donoghue*
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2017R01809
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

STEVEN NERAYOFF and MICHAEL HLADY, also known as "Michael Peters,"

Defendants.

## INDICTMENT
(T. 18, U.S.C., §§ 371, 924(d)(1), 981(a)(1)(C), 1951(a), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*
*of* _____ *A.D. 20* _____

_____
*Clerk*

Bail, $ _____

*Mark E. Bini and Andrey Spektor, Assistant U.S. Attorneys (718) 254-7000*

CR 20-00008

BRODIE, J.

POLLAK, M.J.

**INFORMATION SHEET**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 10 2020 ★
BROOKLYN OFFICE

1. Title of Case: <u>United States v. Steven Nerayoff and Michael Hlady</u>

2. Related Magistrate Docket Number(s): <u>19-M-830</u>

3. Arrest Date: <u>9/18/2019</u>

4. Nature of offense(s): ☒ Felony
   ☐ Misdemeanor

5. Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3.2 of the Local E.D.N.Y. Division of Business Rules): <u>N/A</u>

6. Projected Length of Trial: Less than 6 weeks ☒
   More than 6 weeks ☐

7. County in which crime was allegedly committed: <u>Queens</u>
   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Was any aspect of the investigation, inquiry and prosecution giving rise to the case pending or initiated before March 10, 2012.[1]   ☐Yes ☒ No

9. Has this indictment/information been ordered sealed?   ☐Yes ☒ No

10. Have arrest warrants been ordered?   ☐Yes ☒ No

11. Is there a capital count included in the indictment?   ☐Yes ☒ No

RICHARD P. DONOGHUE
United States Attorney

By: _____
Mark E. Bini
Andrey Spektor
Assistant U.S. Attorney
(718) 254-7000

---

[1] Judge Brodie will not accept cases that were initiated before March 10, 2012.

Rev. 10/04/12