

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JPL/JOE
F. #2018R00035

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 4, 2024

By ECF

The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Michael Hlady
              Criminal Docket No. 20-008 (MKB)

Dear Chief Judge Brodie:

      The government respectfully writes, with the consent of the defense, to adjourn the upcoming sentencing in this matter and schedule a hearing to permit the defendant Michael Hlady to withdraw his previously entered guilty plea, waive indictment, and plead guilty to a single-count superseding information to be filed in this District. The reasons for this request are set forth below.

I.      Relevant Procedural History

      On January 10, 2020, a grand jury in this District returned a four-count Indictment charging the defendant in three of the four counts with: Hobbs Act Extortion Conspiracy, in violation of 18 U.S.C. § 1951(a) (Count One); Hobbs Act Extortion, in violation of 18 U.S.C. § 1951(a) (Count Three); and Conspiracy to Transmit Interstate Communications with Intent to Extort, in violation of 18 U.S.C. §§ 371 and 875(d) (Count Four).

      On April 5, 2021, Hlady pleaded guilty before the Court to Count One of the indictment, pursuant to a plea agreement with the government (the "Plea Agreement"). Additionally, as set forth in paragraph 2 of the Plea Agreement, the defendant stipulated that additional fraudulent conduct, which was unrelated to the charges in the Indictment and committed while on pre-trial release in this case (the "Post-Indictment Fraudulent Conduct"), should be considered by the Court at sentencing. At the plea hearing, the Court found that Hlady entered his plea knowingly and voluntarily and that there was a factual basis for the plea that satisfied the essential elements of the offense, and accepted his plea of guilty to Count 1. (ECF Apr. 5, 2021 Minute Entry; Tr. at 23:9-16).

On March 20, 2023, the government moved, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, to dismiss the Indictment as to Hlady's co-defendant Steven Nerayoff. (ECF Dkt. No. 112). The government's motion was based on the following:

> (i) material exculpatory evidence obtained by the government well after return of the Indictment; (ii) subsequent investigation based on that evidence; (iii) the present inability to admit other evidence at trial, which the government views as essential to proving its case-in-chief; and (iv) the substantial likelihood that the government's inability to admit such evidence will not improve with time. Accordingly, the government is unable to prove the charges in the Indictment beyond a reasonable doubt. As a result, the government submits that dismissal of the Indictment is in the interests of justice.

(Id. at 26).

On May 5, 2023, the Court dismissed the Indictment with prejudice as to Nerayoff based on the government's motion. (ECF. Dkt. No. 123 at 13-14).

Hlady's sentencing on his plea to Count One of the Indictment (and to the Post-Indictment Fraudulent Conduct) is currently scheduled for March 19, 2024.

II.     Proposed Re-Pleading Hearing

In light of the unique procedural history of this case, including dismissal of the Indictment against Hlady's co-defendant for the reasons set forth in the government's motion and that the material exculpatory evidence also applies to Hlady, the government does not dispute that "the defendant can show a fair and just reason for requesting the withdrawal" of his guilty plea under Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure. See United States v. Doe, 537 F.3d 204, 210 (2d Cir. 2008) ("To determine whether the defendant has proffered a 'fair and just reason' to justify withdrawal, a district court should consider, inter alia: (1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea.").

Since the dismissal of the Indictment as to Hladay's co-defendant, the parties have reached an agreement with respect to the Post-Indictment Fraudulent Conduct, which remains unaffected.

Accordingly, the government respectfully requests that the Court adjourn the upcoming sentencing and schedule a hearing during which the defendant Hlady is expected to withdraw his previously entered plea of guilty to Count One of the Indictment, waive indictment, and plead guilty, pursuant to a new plea agreement, to a single-count superseding information

2

charging wire fraud, in violation of 18 U.S.C. § 1343, in connection with the Post-Indictment Fraudulent Conduct.

As indicated above, the government has conferred with defense counsel who consents to the requests set forth herein.

Respectfully submitted,

BREON PEACE
United States Attorney

By:       /s/      
Jonathan P. Lax
John O. Enright
Assistant U.S. Attorneys
(718) 254-7000

cc:    Sam Talkin, Esq. (by ECF)